## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| MISTY RENE WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-123-TLS |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The Plaintiff, Misty Rene Webb, seeks review of the final decision of the Commissioner

of the Social Security Administration denying her application for Disability Insurance Benefits

under Title II of the Social Security Act, 42 U.S.C. § 423(a). The sole issue presented to this

Court is whether the Appeals Council erred by failing to remand on the basis of the evidence the

Plaintiff provided to the Appeals Council as new and material.


## BACKGROUND

In January 2013, the Plaintiff filed a claim for disability insurance benefits alleging

disability since August 2011. In June 2015, the Plaintiff, who was represented by an attorney,

appeared and testified at a hearing before an ALJ. The ALJ also heard testimony from the

Plaintiff's husband, the Plaintiff's mother, and a vocational expert.

The ALJ denied the Plaintiff's claim in a written decision dated November 10, 2015. In

the written decision, the ALJ followed the five-step process as outlined in 20 C.F.R. § 404.1520.

At step one, he found that the Plaintiff had not engaged in substantial gainful activity during the

period from her alleged onset date of August 7, 2011, through the date she was last insured, December 31, 2014. At steps two and three, he found that the Plaintiff had a combination of severe impairments—lupus/arthralgias/arthritis and obesity—but that none of them met or equaled an impairment in 20 C.F.R. §§ 404.1520(d), 404.1525, or 404.1526. The ALJ also found that the evidence did not show that the Plaintiff's alleged depression and headaches were severe, or caused work-related limitations for twelve consecutive months.

At step four, the ALJ determined that the Plaintiff had the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. § 404.1567(b), with the exception that she avoid concentrated exposure to extreme cold and only occasionally climb ramps and stairs, balance, kneel, crouch, and crawl, and never climb ladders, ropes, or scaffolds. She was further prevented from performing work that requires forcefully grasping or gripping with hands.

In making his RFC determination, the ALJ considered the relevant medical records and testimony from the Plaintiff and third parties. The ALJ found that the record revealed minimal need for medical treatment and medication from 2010 to 2013, improvements in complaints with conservative care, and minimal clinical findings on examination. The ALJ noted that it was understandable, given this history, that the February 2013 determination of the State Agency consultants was that the Plaintiff did not have any severe physical condition. However, based on some more recent evidence, "albeit established well after the date last insured, the ALJ [gave] the claimant's allegations and testimony some benefit of the doubt as to severity beyond that determined by the State Agency to be non-severe." (R. 32.)

> In doing so, the ALJ credit[ed] the likelihood that the combination of lupus with obesity more likely than not precluded prolonged standing, walking and heavy lifting consistent with a retained capacity for sustained work at light exertion with only occasional postural maneuvers absent requirement for climbing ladders, ropes or

2

scaffolds. The ALJ further credit[ed] testimony regarding worsening of symptoms when exposed to extreme cold and to testimony for limited use of the hands, which is somewhat evidenced after December 31, 2014, date last insured. In so doing, the ALJ preclude[d] work tasks involving forceful grasping and gripping with the hands.

(*Id.*)

The ALJ then concluded that the Plaintiff was capable of performing her past relevant work as a cashier and retail store manager prior to December 31, 2014. Additionally, other jobs existed in the national economy that the Plaintiff, as a 33-year old with at least a high school education, could perform with her limitations. As a result, the Plaintiff was not under a disability prior to her date last insured, and her claim was denied.

On January 24, 2017, the Appeals Council denied the Plaintiff's request for review of the ALJ's decision, so the ALJ's decision became the Commissioner's final decision on the matter. In denying review, the Appeal Council stated that it considered the reasons the Plaintiff disagreed with the decision, and found that it did not provide a basis for changing the ALJ's decision. The Appeals Council additionally advised,

We also looked at the medical evidence from James Ehlich, dated July 21, to September 9, 2015 (16 pages); medical evidence from Trina Chapman-Smith, M.D., dated December 29, 2015 (3 pages); and medical evidence from Trina Chapman-Smith, M.D., dated December 29, 2015 (4 pages). The Administrative Law Judge decided your case through December 31, 2014, the date you were last insured for disability benefits. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled at the time you were last insured for disability benefits.

(R. 2.) The Appeals Council Notice advised the Plaintiff that if she wanted the Commissioner to consider whether she was disabled after December 31, 2014, she would need to apply for benefits again, and that the new information she submitted was available in her electronic file for

her to use in a new claim.[1]

The Plaintiff then filed suit seeking review of the decision under 42 U.S.C. § 405(g).

## ANALYSIS

The Plaintiff argues that the post-decision evidence she submitted to the Appeals Council requires a remand or reversal. The Appeals Council grants de novo review of an ALJ decision when additional evidence is submitted that is new and material, relates to the period on or before the ALJ's decision, and the entire record, including the additional evidence, suggests that the ALJ's actions, findings, or conclusion is contrary to the weight of the evidence. 20 C.F.R. § 404.970(b). Here, the Appeals Council found that the Plaintiff's new evidence was non-qualifying under the regulations because it concerned a period of time after the Plaintiff was last insured. This Court may review the Appeals Council's finding that evidence is not new, material, and relevant for legal error. *Stepp v. Colvin*, 795 F.3d 711, 722 (7th Cir. 2016).

To be considered material, evidence must create a "reasonable probability that the Commissioner would have reached a different conclusion" if it had been considered. *Stepp*, 795 F.3d at 725 (quoting *Perkins*, 107 F.3d at 1296); *Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005). Thus, it is material "only if it is relevant to the claimant's condition 'during the relevant time period encompassed by the disability application under review.'" *Schmidt*, 395 F.3d at 742 (quoting *Kapusta v. Sullivan*, 900 F.2d 94, 97 (7th Cir. 1990)). Here, that means the

---

[1] As part of his decision, the ALJ noted that he kept the record open on the representation that the Plaintiff was going to seek treatment from a rheumatologist, and was scheduled for an appointment in August 2015. The Plaintiff did not provide the ALJ with the records from the rheumatologist before the ALJ issued the written decision on November 10, 2015. The records were submitted for the first time to the Appeals Council.

evidence must create a reasonable probability that the Plaintiff became disabled prior to December 31, 2014, the date she was last insured.

The Defendant argues that the records submitted to the Appeals Council, dating from seven months to one year after the end of the relevant time period, were not material evidence warranting further consideration. Rather, the Plaintiff was required to file a new application. The Plaintiff claims that the August 2015 fibromyalgia diagnosis shows that she had been treated for the incorrect medical problem, even prior to the date last insured. She contends that her "testimony and credibility were evaluated on whether her symptoms were consistent with Lupus (not Fibromyalgia.)" (Pl.'s Br. 11, ECF No. 18.) She believes that the ALJ misinterpreted the periods where she did not aggressively seek treatment and that, in "reality, they were probably an unconscious response to being treated for the wrong medical problem." (*Id.*) She further notes that at step three of the analysis the ALJ considered the listing associated with lupus, not fibromyalgia.

The materials the Plaintiff submits fall into two categories. Some are dated prior to the ALJ's decision. These include a record from August 2015, where a rheumatologist, James Ehlich, M.D., attributed the Plaintiff's symptoms to fibromyalgia and stated that her elevated antinuclear antibody (ANA) was "most likely a false positive." (8/25/15 notes, ECF No. 18-1 at 6.) He ordered blood tests and started the Plaintiff on Gabapentin with a note that he will see her again in six weeks. There are no further records from Dr. Ehlich. Rather, on December 29, 2015, the Plaintiff saw her family physician, Dr. Trina Chapman-Smith. Her records post-date the ALJ's November 10, 2015, decision. They include a Physical Capacity Opinion dated December 29, 2015, advising that the Plaintiff's onset date was December 31, 2014, and that she could not

perform any substantial amount of sustained work activity since that date. (ECF No. 18-1 at 22).

It that Opinion, Dr. Chapman-Smith states that the Plaintiff could only lift and carry up to five

pounds, stand for less than one hour in an eight-hour day, and sit for less than two hours in an

eight-hour day. The Plaintiff maintains that the medical records now show that the symptoms she

experienced before December 2014 were a manifestation of fibromyalgia, and not lupus.

The Plaintiff is, in essence, claiming that the fibromyalgia diagnosis relates back to the

covered period. "A retrospective diagnosis may be considered only if it is corroborated by

evidence contemporaneous with the eligible period." *Estok v. Apfel*, 152 F.3d 636, 640 (7th Cir.

1998) (A claimant offering a retrospective diagnosis has to "establish through other evidence an

actual disability during the insured period. It is not enough to show that she had received a

diagnosis of fibromyalgia with a date of onset prior to the expiration of the insured period.").

This contemporaneous evidence may be in the form of medical corroboration or lay evidence.

*Allord v. Barnhart*, 455 F.3d 818, 822 (7th Cir. 2006).

The December 2015 Opinion about the functional impact of the Plaintiff's fibromyalgia

does not support a finding of disability prior to December 31, 2014. Simply put, there is no

contemporaneous evidence to substantiate the intensity and persistence of the pain the Plaintiff

asserted was disabling prior to December 2014. Even if the symptoms the Plaintiff experienced

before December 2014 were a manifestation of fibromyalgia, and not lupus, this would not

impact the basis upon which the ALJ found that these symptoms did not prevent the Plaintiff

from "engag[ing] in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §

423(d)(1)(A) (defining a disability under the Social Security Act). "In considering 'duration,' it is the inability to engage in substantial gainful activity because of the impairment that must last the required 12–month period." *See also Barnhart v. Walton*, 535 U.S. 212, 217–22 (2002) (upholding the SSA's requirement that the inability to work, not just the impairment upon which it is based, last twelve months).

The Plaintiff urges that the ALJ would have found her to be more credible because the ALJ evaluated her testimony on whether her symptoms were consistent with lupus, not fibromyalgia. It is true that the ALJ did find that the Plaintiff's records failed to document significant lupus problems. However, his credibility finding was grounded in the lack of evidence showing that the Plaintiff suffered from any disabling medical condition during the critical period prior to her date last insured. For example, the Plaintiff failed to seek treatment or, alternatively, sought only seek conservative treatment that reportedly improved her condition. The record shows a limited need for medical care prior to the date last insured, and the exams showed only minimal clinical findings—both before and after the date last insured. There is no basis to believe that the Plaintiff would have pursued more consistent or aggressive treatment had she believed her symptoms were the function of a different impairment.

Considering the grounds set forth in the ALJ's decision, there is nothing to suggest that the ALJ's analysis of the intensity and persistence of the Plaintiff's pain and other symptoms would change merely because the diagnosis was changed. Once a medically determinable impairment of fibromyalgia is established, the ALJ must still evaluate the intensity and persistence of the pain and other symptoms and determine the extent to which they limit the person's capacity for work. SSR 12-2p; *see also Skinner v. Astrue*, 478 F.3d 836, 845 (7th Cir.

2007) (stating that "the existence of these diagnoses and symptoms does not mean the ALJ was required to find that [the claimant] suffered disabling impairments"). The Plaintiff has not shown how switching her medically determinable impairment from lupus to fibromyalgia would have altered the analysis about what the Plaintiff was still able to do, despite her limitations.

The Plaintiff notes that the ALJ considered the listing associated with lupus. But, since fibromyalgia cannot meet a listing, the only change would have been to consider whether it medically equaled a listing. Because the Plaintiff has not developed any argument on this point, it has been waived. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.") (quoting *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)); *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011) ("Neither the district court nor this court are obliged to research and construct legal arguments for parties, especially when they are represented by counsel."); *Farrah v. Colvin*, No. 12 CV 50343, 2015 WL 1197421, at *3 (N.D. Ill. Mar. 16, 2015).

To be entitled to benefits from her January 2013 application, the Plaintiff had to show that she was totally disabled by December 31, 2014. After that date she was no longer eligible for social security disability benefits because she had not been working for several years and as a result had exhausted her earned "quarters of coverage." 42 U.S.C. § 423(c); 20 C.F.R. § 404.140. None of the new evidence the Plaintiff submits impacts the ALJ's analysis of what the Plaintiff was capable of doing with the symptoms she was experiencing before December 31, 2014.

The Plaintiff's arguments do not persuade the Court that there is a reasonable probability that the additional evidence would change the outcome of the decision. Remand is not required.

## CONCLUSION

For the reasons stated above, the Court AFFIRMS the Commissioner's decision.

SO ORDERED on March 27, 2018.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT